BOARD OF EDUCATION FOR INDEPENDENCE COUNTY
*v.* BOARD OF DIRECTORS OF SPECIAL SCHOOL DIST. No. 6.

4-9022                    224 S. W. 2d 13

Opinion delivered October 31, 1949.

*W. D. Murphy, Jr.,* and *M. F. Highsmith,* for appellant.

*J. J. McCaleb* and *Chas. F. Cole,* for appellee.

GRIFFIN SMITH, Chief Justice. Determination of issues raised by this appeal centers on whether annexation proceedings involving school districts embracing territory in more than one county are governed by Act 327 of 1947 or Act 387 of 1939.

On January 22, 1949, an election was held in three school districts in Independence County, including District 48, to determine whether they should consolidate into a single district or join District 33 in Independence County. The results, on January 25, favored consolidation. Concurrently a petition executed by a majority of the qualified electors of District 48 was filed with the Independence County Board of Education seeking annexation of the northern part of District 48 to Strawberry District 22, Lawrence County, which was approved by the Independence County Board and order entered.

Strawberry District 22 is located principally in Lawrence County, though a portion extends into Independence County. On February 12, the Lawrence County Board passed a motion approving the action of the Independence County Board. Written Consent of the directors of each district was filed with the annexation petition.

The directors of Independence District 6, the newly created district from which a portion of District 48 was ordered detached, after an unsuccessful attempt to appeal to circuit court, filed a petition for certiorari with the circuit court alleging that the annexation order of the Independence County Board was void because notice was not properly given and because the former directors of Districts 48 were without authority to consent to annexation.

The circuit court granted certiorari and quashed the order of annexation, finding that Act 327 of 1947 was applicable and that the jurisdictional requirement of notice had not been complied with.

Appellants, for reversal, urge that (1) appellees were not proper parties to attack the order because they were not parties to the record at the time the order was entered, (2) Act 327 of 1947 does not apply to changes in boundaries between existing districts, but only to formation or dissolution of districts involving territory in more than one county.

Appellees, as directors of the district from which territory had been detached by the annexation order, were proper parties to seek redress. Appellants' argument that appellees are simply directors of an adjacent school district which was not in existence at the time the order of annexation was entered does not take into consideration that the order is other than valid. If it were void, a duty rested on appellees to supervise the territory the order sought to remove from their jurisdiction, and they could question the legality of any order purporting to deprive them of property ostensibly subject to their supervision.

The applicable statute is Act 327 of 1947, rather than Act 387 of 1939. While neither specifically covers the present situation, the '47 Act concerns districts in two or more counties, while the '39 Act fails to take into consideration anything but a change of boundary.

An express term in Act 327 of 1947 is "changes of boundaries of school districts in such situations." While it may be argued that this phrase is restricted to new-district cases, the subject matter of the 1947 Act clearly involves multi-county districts, while Act 387 of 1939 does not mention them. The '47 Act sets up machinery for action by more than one county board, while the '39 Act envisions action by only one. The General Assembly must have recognized the fact that one county board could not appropriately administer annexation of territory in more than one county, and since no provision is made in the '39 Act for joint action in the sense that it is permitted by the '47 Act, the '47 Act can be better applied where multi-county territory is involved.

It is stipulated that Act 327 of 1947 was not followed by appellants, though it is argued that only substantial

compliance was necessary and that such compliance was shown. In view of the fact that appellants admittedly were proceeding under Act 387 of 1939, there does not appear to be sound basis for this argument. Nor can appellees be held to have waived objection by attending the January 25 meeting of the Independence County Board when the annexation order was entered. Notice is not the only requirement of Act 327 of 1947, and whether other provisions could be waived is a matter not necessary to now decide.

Affirmed.